UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AKASH SHARDA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. C26-3258-MLP

ORDER

Petitioner Akash Sharda is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting that his redetention by ICE violated his rights under the Due Process Clause of the Fifth Amendment. (Dkt. # 1.) He seeks immediate release and injunctive relief related to future redetention. (*Id.* at 10-11.)

Respondents filed a return (dkt. # 5), supported by the sworn declaration of ICE Deportation Officer Ian Bloom (dkt. # 6) and an unsworn declaration from their counsel, Jennifer Wong, attaching portions of Petitioner's A-file (dkt. # 7). Petitioner filed a traverse. (Dkt. # 8.) Having considered the parties' submissions and the governing law, the Court GRANTS the petition in part (dkt. # 1).[1]

[1] The parties consented to proceed before a Magistrate Judge. (Dkt. # 3.)

## I. BACKGROUND

On September 12, 2021, Petitioner, a native and citizen of India, entered the United States near San Luis, Arizona, and was apprehended by U.S. Customs and Border Protection. (Dkt. #1, ¶¶ 19-20; Bloom Decl., ¶¶ 3-4; Wong Decl., Ex. 1 at 3.) On September 16, 2021, he was issued a Form I-860, Notice and Order of Expedited Removal, and was processed for expedited removal with credible fear because he indicated that he feared persecution or torture if returned to India. (Bloom Decl., ¶ 5; Wong Decl., Exs. 1, 4.) The Form I-860 reflects a determination by the Department of Homeland Security that Petitioner is inadmissible and therefore subject to removal under Immigration and Nationality Act ("INA") Section 212(a)(7)(A)(i)(I) (codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I)). (Wong Decl., Ex. 4.) On September 23, 2021, Petitioner was released from custody pursuant to an Order of Release on Recognizance ("OREC"). (Bloom Decl., ¶ 6; Wong Decl., Ex. 3.)

On August 1, 2022, Petitioner filed an application for relief from removal with U.S. Citizenship and Immigration Services (USCIS). (Bloom Decl., ¶ 7; Wong Decl., Ex. 1 at 3.) There is no indication that USCIS adjudicated the application. (Bloom Decl., ¶ 7; Wong Decl., Ex. 1 at 3.)

On September 3, 2026, Petitioner appeared for a scheduled check-in at the ICE Office in Tukwila, Washington, and was taken into custody. (Dkt. # 1, ¶¶ 23-24; Bloom Decl., ¶ 8.) On the same date, he was issued a Notice to Appear ("NTA") charging him as removable under INA § Section 212(a)(7)(A)(i)(I), and initiating removal proceedings under INA § 240 (codified at 8 U.S.C. § 1229a.) (Bloom Decl., ¶ 9; Wong Decl., Ex. 2.)

On September 22, 2026, Petitioner appeared for an initial master calendar hearing in immigration court and was granted a continuance to look for an attorney. (Bloom Decl., ¶ 10.)

Petitioner is next scheduled for a master calendar hearing in immigration court on October 6, 2026. (Bloom Decl., ¶ 11.)

## II. DISCUSSION

### A. Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### B. Statutory Basis for Detention

Detention of noncitizens is governed by INA §§ 235-36 (codified at 8 U.S.C. §§ 1225-26). Section 1226(a) provides the "default rule," allowing discretionary detention of noncitizens "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

Section 1225 applies to "applicants for admission" to the United States, defined as a noncitizen "present in the United States who has not been admitted or who arrives in the United States[.]" 8 U.S.C. § 1225(a)(1). Under 8 U.S.C. § 1225, there are two categories of "applicants for admission": Section 1225(b)(1) generally applies to noncitizens initially determined to be

inadmissible because of fraud, misrepresentation, or lack of valid documentation, *Jennings*, 583 U.S. at 287 (citing § 1225(b)(1)(A)(i)); and Section 1225(b)(2) generally "serves as the catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)," *id.* at 287-88 (citing §1225(b)(2)(A), (B)).

"Normally, noncitizens covered by § 1225(b)(1) are subject to an expedited removal process that does not include a hearing before an Immigration Judge or review of the removal order." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (citing 8 U.S.C. § 1225(b)(1)(A)(i)). However, when a noncitizen "indicates either an intention to apply for asylum . . . or a fear of persecution," they must be referred for an interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(d). If the asylum officer determines that the noncitizen has a credible fear of persecution, they "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii); *Banda*, 385 F. Supp. 3d at 1112. If the noncitizen is determined not to have a credible fear of persecution, the officer "shall order the [noncitizen] removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

Applicants for admission are generally subject to mandatory detention under § 1225(b) and may be released only on parole "for urgent humanitarian reasons or significant public benefit[.]" 8 U.S.C. § 1182(d)(5)(A); *Jennings*, 583 U.S. at 287.

In determining "which detention statute applies to noncitizens apprehended at or about the time of arrival to the country, released, and later apprehended again, the government's treatment of the petitioner seeking habeas relief is 'particularly relevant' and where a petitioner has been 'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225, the former is more likely to apply.'" *Soto v. Bondi*, 2026 WL 972731, at

*4 (W.D. Wash. Apr. 10, 2026) (quoting *Del Valle Castillo v. Wamsley*, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (internal quotation marks and citation omitted)).

The record shows that Petitioner is subject to 8 U.S.C. § 1226(a). Although Petitioner was initially placed in expedited removal proceedings in September 2021 and asserted a credible fear claim, there is no indication Petitioner was referred for a credible fear interview. (Bloom Decl., ¶ 5; Wong Decl., Exs. 1, 4.) Moreover, shortly after being detained Petitioner was released not on humanitarian parole, but on an OREC which states "[y]ou have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226] and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with … [various] conditions[.]" (Wong Decl., Ex. 3); *see Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) ("Release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under section 1182(d)(5)(A) but rather a form of 'conditional parole' from detention upon a charge of removability, authorized under section 1226."). Though they express their disagreement, Respondents acknowledge that courts in this District have treated noncitizens released on an OREC as evidence of being classified under 8 U.S.C. § 1226. (Dkt. # 5 at 2)

Respondents take the position that in redetaining Petitioner in September 2026, after five years of conditional release, ICE's Enforcement and Removal Operations ("ERO") was simply "reprocess[ing] Petitioner's initial case because his fear claim was placed on hold" (dkt. # 5 at 2), and that Petitioner is therefore mandatorily detained under § 1225(b). The Court rejects this argument.

Under the circumstances here, the Court concludes Petitioner was subject to 8 U.S.C. § 1226(a) when he was re-detained. *See Soto*, 2026 WL 972731, at *5 ("The Court finds that the circumstances of this case, including the failure to refer Petitioner for a credible fear interview or otherwise pursue expedited removal for several years, Petitioner's release on an OREC and issuance of the arrest warrant pursuant to § 1226, reflect the Government treated Petitioner as subject to 8 U.S.C. § 1226(a) and that he was subject to that statute when he was re-detained."); *see Quinteros Moran v. Joyce*, 2025 WL 3632895, at *3 (S.D.N.Y. Dec. 15, 2025) (reasoning that, although expedited removal proceedings were initially commenced against Petitioner, he was subsequently released and "after years of the Government neglect[ing] any authority it may have possessed under § 1225(b) and consistently appl[ying] § 1226(a) …it cannot now turn back the clock, and neither can the Court.") (internal quotation and citation omitted).

Further, even if § 1225(b) applied here, "statutory authority to detain does not obviate Respondents' obligation to comply with due process." *Telenchana v. Hermosillo*, 2026 WL 696806, at *10 (W.D. Wash. March 12, 2026); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

**C. Due Process**

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing:

(1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B.*, 795 F. Supp. 3d at 1321 n.4 (collecting cases).

*1. Private Interest*

Petitioner's interest in remaining free from physical confinement after approximately five years of conditional release on an OREC is a substantial liberty interest. *See Zadvydas*, 533 U.S. at 690; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. Sept. 12, 2025). During the approximately five years he was at liberty, Petitioner applied for relief from removal with the USCIS, lived openly in his community, and the present record shows no evidence of criminal history, failure to comply with the conditions of release, or any attempts otherwise to abscond. (Dkt. # 1, ¶ 22; Bloom Decl., ¶ 7; Wong Decl., Ex. 1.)

Under these circumstances, Petitioner's significant liberty interest weighs in his favor.

*2. Risk of Erroneous Deprivation*

The risk of erroneous deprivation in this case absent pre-deprivation notice and a hearing is high. Petitioner was released on an OREC nearly five years ago, there is no evidence in the record that Petitioner violated any conditions of his release, no evidence of criminal history or attempts to abscond (in fact Petitioner was detained while attending a scheduled ICE check-in), and indeed there is no evidence of any material change in circumstance since Petitioner was released in 2021. It is undisputed that Petitioner received no notice that his OREC was being revoked or explanation as to why he was being redetained, nor did he receive a hearing of any kind related to his redetention.

Respondents' only argument appears to be that Petitioner was mandatorily detained under

§ 1225(b) and they were therefore entitled to redetain him at any time with no additional process. (Dkt. # 5) But the Court has already rejected this argument, finding that Petitioner is detained under § 1226(a), and that, even if he were detained under § 1225(b), his re-detention after being released for nearly five years on an OREC must comply with due process. *See Lnu v. Hermosillo*, 2026 WL 691944, at *2 (W.D. Wash. Mar. 11, 2026) ("Respondents contend that Petitioner is an 'applicant for admission' subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that this status ends the due process inquiry . . . . This Court, consistent with prior decisions in this District, declines to adopt that expansive construction of § 1225(b) or to treat it as eliminating the due process protections owed to noncitizens who have been released into the community.").

The Court finds the second *Mathews* factor weighs in favor of Petitioner.

*3. Governmental Interest*

Although the government has legitimate interests in enforcing the immigration laws and ensuring appearance at immigration proceedings, Respondents identify no concrete way in which providing notice and a short, pre-deprivation custody hearing before redetention would materially impede those interests. *Corado v. Bondi*, 2026 WL 1113386, at *5–6 (W.D. Wash. Apr. 24, 2026). Custody and bond hearings already occur regularly within the existing immigration system, and courts have repeatedly found the incremental administrative burden of such hearings modest relative to the risk and consequences of erroneous detention. *See*, *e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). On this record, Respondents have not shown exigent circumstances—such as an immediate, specific danger, or imminent flight—that would make pre-deprivation process impracticable. *Corado*, 2026 WL 1113386, at *5–6.

In sum, the *Mathews* factors strongly favor Petitioner. Habeas relief is therefore warranted. Given the lack of lawful process at the outset of detention and the absence of exigent circumstances, release is the appropriate and constitutionally required remedy. *Corado*, 2026 WL 1113386, at *5–6. This conclusion aligns with a broad consensus among district courts. *See*, *e.g.*, *Corado*, 2026 WL 1113386, at *5–6; *Rojas v. Almodovar*, 2025 WL 3034183, at *8 (S.D.N.Y. Oct. 30, 2025) (holding that where "detention was invalid at its inception[,]" petitioner is "entitled to release."); *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *J.Y.L.C. v. Bostock*, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025); *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).

### D. Injunctive Relief

Petitioner further seeks a permanent injunction barring any future redetention without notice and a hearing before a neutral decisionmaker prior to redetention. (Dkt. # 1 at 10-11.) A permanent injunction requires a "cognizable danger of recurrent violation," not just a past violation. *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003); *see Torres v. Hermosillo*, 2026 WL 145715, at *8 (W.D. Wash. Jan. 20, 2026). The record shows no specific, real, and immediate threat that Petitioner will again be redetained without due process or in violation of applicable regulations. Therefore, Petitioner's request for permanent injunctive relief is denied.

## III. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

(1) Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part. Respondents shall RELEASE Petitioner from immigration detention within **twenty-four (24) hours**, subject to his most recent pre-detention conditions of release.

(2) Respondents shall file a status report with the Court confirming Petitioner's release within **two (2) business days**.

(3) Petitioner's request for permanent injunctive relief is DENIED.

(4) The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are reminded of the meet-and-confer requirement under this Court's chambers procedures.

DATED this 1st day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge